IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

PAMELA MERCER,            )
                          )
        Plaintiff,        )
                          )
    v.                    )   No. 15 C 7262
                          )
COOK COUNTY, et al.,      )
                          )
        Defendants.       )

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Defendants' motion for summary judgment. For the reasons stated below, the motion for summary judgment is granted in its entirety.

## BACKGROUND

Plaintiff Pamela Mercer (Mercer) is allegedly employed at the Cook County Sheriff's Office (Sheriff's Office) where she has continually worked since 1988. Mercer currently works as a Correctional Sergeant at the Cook County Jail. Mercer states that she has previously filed lawsuits against her employer in 2009, 2012, and 2013. Mercer contends that since the filing of her prior lawsuits she has continued to experience harassment and hostility from her supervisors, colleagues, and subordinates. Mercer claims that she has been discriminated against her because of

1

her race and sex, that she has been subjected to a hostile work environment, and that Defendants retaliated against her because of her prior complaints. Mercer includes in her amended complaint a claim alleging race discrimination in violation of Title VII of the Civil Rights Act of 1964 (Title VII), 42 U.S.C. § 2000e *et seq.* (Count I), a Title VII sex-discrimination claim (Count II), a Title VII hostile work environment claim (Count II), a retaliation claim (Count III), and an indemnification claim (Count IV). Defendants move for summary judgment on all claims.

## LEGAL STANDARD

Summary judgment is appropriate when the record, viewed in the light most favorable to the non-moving party, reveals that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Smith v. Hope School*, 560 F.3d 694, 699 (7th Cir. 2009). A "genuine issue" of material fact in the context of a motion for summary judgment is not simply a "metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Rather, a genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Insolia v. Philip Morris, Inc.*, 216 F.3d 596, 599 (7th Cir. 2000). In ruling on a motion for summary judgment, the court must consider the record as a whole, in the light most favorable to the non-moving party, and draw all reasonable inferences in favor of the non-moving party. *Anderson*, 477 U.S. at 255; *Bay v.*

2

*Cassens Transport Co.*, 212 F.3d 969, 972 (7th Cir. 2000).

**DISCUSSION**

I. Race and Sex Discrimination Claims

Defendants argue that Mercer has failed to point to sufficient evidence to show that she suffered an adverse employment action. A plaintiff who is bringing a Title VII discrimination claim and is seeking to defeat a defendant's motion for summary judgment may proceed under the *Ortiz* reasonable factfinder method or the *McDonnell Douglas* burden-shifting method. *Ortiz v. Werner Enterprises, Inc.*, 834 F.3d 760, 765 (7th Cir. 2016). In *Ortiz*, the Seventh Circuit, held that the district courts should no longer employ the "direct - and -indirect framework," which included the "two tests" that were known as the direct method of proof and indirect method of proof. *Id.* at 765-66 (stating that the direct and indirect methods of proof "complicate[d] matters by forcing parties to consider the same evidence in multiple ways (and sometimes to disregard evidence that does not seem to fit one method rather than the other)"); *see also Cole v. Board of Trustees of Northern Illinois University*, 838 F.3d 888, 899 (7th Cir. 2016)(stating that the court must "look past the ossified direct/indirect paradigm"). The Seventh Circuit, however, also indicated that it was not barring a plaintiff from proceeding under the *McDonnell Douglas* burden-shifting method, which was commonly referred to in the past as the indirect method of proof. *Ortiz*, 834 F.3d at 766; *see also Alamo v. Bliss*, 864 F.3d 541, 550

(7th Cir. 2017)(stating that "[t]o establish a Title VII disparate treatment claim, a plaintiff must allege that an employer took job-related action against him which was motivated by intentional discrimination").

In response to the instant motion, Mercer has failed to respond to Defendants arguments on the adverse employment action issue. Mercer has failed to indicate whether she can prevail under the *Ortiz* reasonable factfinder method or the *McDonnell Douglas* burden-shifting method, apparently conceding that she cannot prevail on her Title VII discrimination claims.

Mercer has not pointed to sufficient evidence to show that she suffered an adverse employment action. Mercer admits that she has not been disciplined, has not lost pay, and has not been demoted. (RSF Par. 14). Nor has Mercer pointed to similarly-situated comparators outside the protected classes that were treated more favorably. Mercer has also failed to point to sufficient evidence to show that any reason given for Defendants' actions was a pretext for an intent to discriminate against Mercer because of her race and/or sex.

In addition, Mercer has not pointed to sufficient evidence to show under the *Ortiz* reasonable factfinder method that a reasonable factfinder could conclude that her protected characteristic caused an adverse employment action. *Ortiz*, 834 F.3d at 765. Mercer has utterly failed to tie alleged incidents to her race or sex. Based on the undisputed facts, there is not sufficient evidence for a reasonable trier of fact to find for Mercer on the Title VII discrimination claims. Therefore, Defendants'

motion for summary judgment on the Title VII discrimination claims is granted.

II. Hostile Work Environment Claim

Defendants move for summary judgment on the hostile work environment claim. A plaintiff can show unlawful discrimination in violation of Title VII by establishing that she was subjected to harassment that was "sufficiently severe or pervasive to alter the terms and conditions of employment. . . ." *Cole*, 838 F.3d at 895-96. For a Title VII hostile work environment claim, a plaintiff must show: (1) that "[s]he was subject to unwelcome harassment," (2) that "the harassment was based on" a protected characteristic, (3) that "the harassment was severe or pervasive so as to alter the conditions of the [plaintiff's] work environment by creating a hostile or abusive situation," and (4) that "there is a basis for employer liability." *Id.*

The undisputed facts show that Mercer is relying upon several alleged discrete incidents that occurred beyond the 300-day limitations period for filing a claim with the Equal Employment Opportunity Commission (EEOC). *See Bagwe v. Sedgwick Claims Mgmt. Servs., Inc.*, 811 F.3d 866, 887 n.58 (7th Cir.)(stating that "[u]nder Title VII, a charge of employment discrimination must be filed with the EEOC within 300 days of the alleged unlawful employment practice"); *Swanson v. Vill. of Flossmoor*, 794 F.3d 820, 825 (7th Cir. 2015)(stating that "to bring a Title VII claim at all . . . a plaintiff must file a complaint with the EEOC within 300 days of experiencing the complained-of discrimination"). Nor is there justification presented

to toll any limitations periods. Nor has Mercer shown that the continuing violation doctrine is applicable in this case. *Barrett v. Illinois Dep't of Corr.*, 803 F.3d 893, 898 (7th Cir. 2015)(stating that "[u]nder the continuing violation doctrine, a Title VII plaintiff may recover for otherwise time-barred conduct that is part of a single, ongoing unlawful employment practice if at least one related act occurs during the limitations period"). Based on the limited allegations within the 300-day time frame, there is not sufficient evidence for a reasonable trier of fact to conclude that Mercer was subjected to severe and/or pervasive harassment that altered the conditions of her work environment. Even when accepting Mercer's version of the facts regarding statements that were allegedly made and accepting that Mercer subjectively perceived a hostility, there is not sufficient evidence to support a hostile work environment claim.

The court also notes that even if the court considered the totality of Mercer's allegations outside the 300-day period, she has failed to point to sufficient evidence to support a hostile work environment claim. Although Mercer included inflammatory language in her amended complaint such as that Defendants "vandaliz[ed]" her car, (A Compl. Par. 13), the undisputed facts show that Mercer merely on one day found a hole in her car tire. (R SF Par. 15). Mercer fails to point to evidence to indicate that such an occurrence, even if true, was the product of some hidden conspiracy against her. Every employee who gets a flat tire at work from running over screws or other objects is not necessarily being secretly persecuted by

co-workers. Mercer cannot proceed to trial and ask the trier of fact to speculate blindly on such matters. Even when considering that alleged incident with other evidence in its totality, such as Mercer's allegations as to missing locker items, Mercer has failed to point to sufficient evidence to defeat Defendants' motion for summary judgment.

Mercer also seeks to draw unreasonable inferences to try and support her claim. For example, although a statement was allegedly made by an employee at the law library about an inmate, the statement was not directed at Mercer. (RSF Par. 7). Mercer only theorizes without evidentiary support that the statement was intended to "impugn [her] job performance. . . ." (Resp. 3). Mercer also contends that another statement was made to her by that same employee in 2013 that "illuminates the tenor [of that employees'] antagonism toward" Mercer. (Resp. 3). Yet, even if we accept Mercer's version of events and characterization of the evidence, Mercer fails to point to evidence to tie such alleged antagonism to Mercer's race or sex. It is worth noting that although Mercer also claims in this case that she was subjected to sex discrimination, the law library employee who allegedly made the statements was female. (RSF Par. 7). The Seventh Circuit and Supreme Court have made clear that Title VII is not a civility code and the mere fact that a myriad of employees that worked with Mercer may not have liked her and had personal animosity towards her is not a basis to sue under Title VII. *See Alamo*, 864 F.3d at 550 (stating that "Title VII was not designed to become a 'general civility code'")(quoting *Faragher v. City*

*of Boca Raton*, 524 U.S. 775, 788 (1998)). Therefore, Defendants' motion for summary judgment on the hostile work environment claim is granted.

III. Retaliation Claim

Defendants move for summary judgment on the retaliation claim. For a Title VII retaliation claim a plaintiff must point to evidence that she "engaged in statutorily protected activity and suffered an adverse action as a result of that activity." *Alamo*, 864 F.3d at 555 (internal quotations omitted); *see also Lord v. High Voltage Software, Inc.*, 839 F.3d 556, 563 (7th Cir. 2016)(stating that "[a] retaliation claim requires proof that the plaintiff suffered an adverse employment action because of his statutorily protected activity; in other words, the plaintiff must prove that he engaged in protected activity and suffered an adverse employment action, and that there is a causal link between the two").

In the instant action, Mercer has not pointed to evidence of any adverse action that could support a retaliation claim. Mercer's subjective perception as to some hostility based on her prior case filings is not sufficient to defeat Defendants' motion for summary judgment. Nor is the fact that she found a hole in her car tire or personal items missing from a locker room. Such occurrences are not extraordinary ones in the work place or for car owners and, absent other evidence to tie such events to an intent to retaliate against Mercer because of protected activity, they cannot support a retaliation claim. Mercer admits that her employment was not

terminated, and that she has not been reprimanded, lost pay, or been demoted. (RSF Par. 14). Mercer has thus failed to point to sufficient evidence to support a retaliation claim and Defendants' motion for summary judgment on the retaliation claim is granted.

IV. Indemnification Claim

Defendants also move for summary judgment on the indemnification claim. Since there are no underlying claims that survive the instant motion, the indemnification claim cannot stand alone. Therefore, Defendants' motion for summary judgment on the indemnification claim is granted.

**CONCLUSION**

Based on the foregoing analysis, Defendants' motion for summary judgment is granted in its entirety.

_____
Samuel Der-Yeghiayan
United States District Court Judge

Dated: August 31, 2017